IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEMARCO WILKINS**                                                            **PLAINTIFF**

v.                                                       CIVIL ACTION NO: 4:17-CV-0137-DAS

**MISSISSIPPI DEPARTMENT OF CORRECTIONS,
COMMISSIONER PELICIA HALL,
EARNEST LEE,
JAMILE HENRY,
TIMOTHY MORRIS AND
BETTY CRAWFORD**                                      **DEFENDANTS**

AMENDED COMPLAINT

1. **COMES NOW**, DEMARCO WILKINS, and files this, his Amended Complaint against Defendants, Mississippi Department of Corrections, Commissioner Pelicia Hall, Superintendent Earnest Lee, Warden Timothy Morris, Jamile Henry, and Betty Crawford, (hereinafter Defendants) and alleges the followings:

PARTIES

2. Plaintiff, Demarco Wilkins (hereinafter Plaintiff), is an adult resident citizen of Mississippi, who is currently incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi.

3. Defendant Mississippi Department of Corrections (hereinafter MDOC) is a legal entity of the State of Mississippi. Service[1] may be perfected through Commissioner Pelicia Hall, 633 North State Street, Jackson, MS 39202.

---

[1] Counsel for MDOC has agreed to accept service of process on behalf of defendants Henry, Lee Morris and Crawford or provide the Court with last known addresses.

4. Defendant Commissioner Pelicia E. Hall (hereinafter Defendant Hall), employed with Mississippi Department of Corrections, is an adult resident citizen of Mississippi, and she may be served with process at 633 North State Street, Jackson, MS 39202.

5. Defendant Earnest Lee (hereinafter Defendant Lee), employed with MDOC, is an adult resident citizen of Mississippi, and he may be served with process at 633 North State Street, Jackson, MS 39202.

6. Defendant Timothy Morris (hereinafter Defendant Morris), employed with MDOC, is an adult resident citizen on Mississippi, and he may be served with process at 590 Parchman Rd 12 Parchman, MS 38738.

7. Defendant Jamile Henry, (hereinafter Defendant Henry), at the time of initial is an adult resident citizen of Mississippi and was an employee of MDOC, last known address M.S.P. P.O. box 1057, Parchman MS 39738.

8. Defendant Betty Crawford, (hereinafter Defendant Crawford) at the time of initial is an adult resident citizen of Mississippi and was an employee of MDOC, last known address M.S.P. P.O. box 1057, Parchman MS 39738.

JURISDICTION and VENUE

9. This court has jurisdiction over the subject matter herein pursuant to the 28 USC 1331, as the events giving rise to this action involve a federal question. Venue is proper in that the incidents which gave rise to these claims occurred in Sunflower County Mississippi, which is located within the Northern District of Mississippi.

FACTUCAL ALLEGATIONS

10. On or about September 2, 2016, Plaintiff was housed in Unit 29 L Building on Mississippi State Penitentiary Facility's premises in B Zone Cell 4.

11. Plaintiff was approached by members of the Vice Lord gang (hereinafter VLG). VLG members requested that he stab an inmate who was a member of the Gangster Disciples (hereinafter GD).

12. Plaintiff refused and was threaten with bodily harm by VLG.

13. Plaintiff went to the bars/door of the zone and call for an officer. Officer Henry responded. Plaintiff notified Officer Henry that he was being threaten by gang members. Plaintiff requested to speak with a Captain or Lieutenant and asked for help. Officer Henry indicated that she would notify someone. No one responded to Plaintiff's request.

14. Members of the VLG began gathering as a group in front of the doors to the zone. The tier worker for the zone was a member of VLG.

15. The officer that was assigned to the tower, Officer Crawford, was not in it but was standing in the hallway.

16. The tier worker entered the tower and turned off the lights. Approximately fifteen to sixteen members of VLG then jumped defendant. Took him to his cell and began beating him.

17. Plaintiff was beat with a broom stick, kicked, stomped, burned on his chest, back and neck. He was also cut about the face and neck.

18. Plaintiff was assaulted until he became unconscious.

19. When Plaintiff regained consciousness, he was in the hospital.

20. As a result of the Defendants' negligent actions, Plaintiff sustained permanent injuries and scarring as a result of this brutal attack.

## CLAIM ONE

### INADEQUATE SUPERVISION OF CLOSE CUSTODY OFFENDERS

21. The Plaintiff re-alleges and incorporates and adopts all prior paragraphs, averments, and statements as if fully set forth herein. Plaintiff adopts by reference Claim One as set out in Plaintiff's initial Complaint as if fully set forth herein.

## CLAIM TWO

### FAILURE TO PROVIDE PROPER HOUSING FOR OFFENDERS TO PREVENT ESCAPE OR INJURY FROM

22. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein. Plaintiff adopts by reference Claim Two as set out in Plaintiff's initial Complaint as if fully set forth herein.

## CLAIM THREE

### FAILURE TO PROTECT

23. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein. Plaintiff adopts by reference Claim Three as set out in Plaintiff's initial Complaint as if fully set forth herein.

## CLAIM FOUR

### NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE OFFICERS INVOLVED

24. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

25. The Defendants, Hall, Lee and Morris were grossly negligent and/or wanton in failing to monitor the actions of the Defendant Officers. They further negligently and/or wantonly failed to train the aforementioned Defendants to properly protect the Plaintiff and other similarly situated individuals. Defendants negligently and/or wantonly failed to properly follow and/or apply their own state and law enforcement rules, ordinances, regulations

policies and procedures, as well as state law generally. Defendants Hall and Lee failed to properly supervise the actions of Defendant officers.

26. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein.

## CLAIM FIVE

### VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. §1983 and 28 U.S.C. §1343, et. al.

27. The Plaintiff re-alleges and incorporates and adopts all prior paragraphs, averments, and statements as if fully set forth herein.

28. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights and equal protection rights.

29. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## PRAYER FOR APPROPRIATE RELIEF

30. The Plaintiff re-alleges and incorporates and adopts all prior paragraphs, averments, and statements as if fully set forth herein.

31. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has suffered server and permanent damages for which the Defendants should e held jointly and vicariously liable.

32. All Defendants are jointly and severally liable to the Plaintiff for the following damages: past, present and future pain, suffering and mental and emotional anguish; past, present

5

and future loss of enjoyment of life's normal activities; and permanent scaring, and all other damages to be proved at trial.

33. The Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein in an amount to be determined by this Court.

34. The acts of the Defendants enumerated herein were so grossly negligent and reckless; and were committed with such utter disregard for the rights of the Plaintiff and others similarly situated as to amount to willful, wanton and/or intentional misconduct, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

    WHEREFORE, THE ABOVE BEING CONSIDERED, the Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi or federal law, pre-judgment interest, post-judgment interest, attorney's fees, and all costs of this proceeding with such final amount being at least $500,000.00 or an aggregate sum equal to the maximum amount of recovery allowed under any applicable state or federal laws and guidelines.

    This the 26th day of September 2018.

    Respectfully submitted,
    DEMARCO WILKINS, Plaintiff

By: _____s/ *Louwlynn Williams*_____
    LOUWLYNN V. WILLIAMS (MSB #99712)

OF COUSEL
L.V. WILLIAMS LAW, PLLC
P.O. Box 9165
Jackson, MS 39286-9165
Phone: 769.572.7152

Fax: 601.510.9330
lvwilliamslaw@gmail.com

CERTIFICATE OF SERVICE

I, Louwlynn Williams, do hereby certify that on the 26th day of September 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel.

                                                     _____s/ *Louwlynn Williams*_____
                                                     LOUWLYNN V. WILLIAMS (MSB #99712)