UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DEMARCO WILKINS**                                                                                   **PLAINTIFF(S)**

**V.**                                       **CIVIL ACTION NO. 4:17-CV-137-SA-DAS**

**EARNEST LEE, TIMOTHY MORRIS,**
**MISSISSIPPI DEPARTMENT OF CORRECTIONS,**
**COMMISSIONER PELICIA HALL,**
**JAMILE HENRY and BETTY CRAWFORD**                               **DEFENDANT(S)**

## REPORT AND RECOMMENDATION

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, filed this action seeking recovery for injuries sustained when he was attacked by members of the Vice Lords gang. Two of the defendants, Earnest Lee, the now retired Superintendent of the Mississippi State Penitentiary at Parchman, and Timothy Morris, the warden of Unit 29, have moved to dismiss this action against them, asserting both sovereign immunity and qualified immunity.

### 1. *Procedural Factual Background*

The plaintiff filed this action *pro se* but is now represented by counsel. Plaintiff's counsel amended the complaint without the required leave of court, but the defendants did not object or move to strike the amended complaint. The court, therefore, accepts the amended complaint as the operative complaint in this action. The plaintiff has filed no response in opposition to the motion to dismiss.

The plaintiff alleges that he was threatened, then attacked by members of the Vice Lords when he refused to stab a member of the Gangster Disciples. He called for help and one of the defendants, Officer Jamie Henry, responded, allegedly telling the plaintiff she would notify

someone, but no one responded. Members of the gang began gathering in front of the zone. It is alleged that Officer Crawford should have been in the tower but was standing in a hallway. According to the amended complaint, a tier-worker, who was also a member of the Vice Lords, then entered the tier and turned off the lights. Multiple members of the gang attacked the plaintiff, beating him so badly he lost consciousness. He alleges he has sustained permanent injuries from the attack. The plaintiff seeks compensatory and punitive damages but has not requested injunctive relief.

### *2. Motion to Dismiss Standards*

The defendants have moved, pursuant to Fed.R.Civ.P. 12(b)(1), to dismiss any official capacity claim against them for lack of subject matter jurisdiction. The federal courts are courts of limited, not general, jurisdiction, and must dismiss cases when they lack either statutory or constitutional authority to decide a case. *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F3d 1006, 1010 (5th Cir. 1998). In considering this motion, both under Rule 12(b)(1) and 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999). *Barrera-Montenegro v. United States*, 74 F. 3d 1006, 1010(5th Cir. 1998)

The motion also challenges the individual capacity claims, asserting the defense of qualified immunity, under Rule 12(b)(6). To overcome a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### *3. Discussion*

#### A. *Official Capacity Claims and the Eleventh Amendment*

Because the amended complaint does not specify the capacity in which the plaintiff is suing these defendants, they argue that if the plaintiff means to include an official capacity claim, that any such claim is barred by Eleventh Amendment immunity. The undersigned concurs.

An action against an officer in their official capacity is not an action against the individual, but an action against their office, and is the equivalent of an action against the state. *Kentucky v. Graham,* 473 U.S. 159, 165–166 (1985); *Brandon v. Holt,* 469 U.S. 464, 471 (1985). The Eleventh Amendment immunity of the individual states was not abrogated by the enactment of 42 U.S.C § 1983. *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)). Therefore, in the absence of a waiver of Mississippi's immunity, no action may be brought against the state, its agencies such as the Mississippi Department of Corrections, or its officers, in their official capacities. *McGarry v. Univ. of Miss. Med. Center,* 355 Fed. App'x. 853, *2 (5th Cir. 2009). Mississippi enacted a tort claims act which creates a partial waiver of its sovereign immunity, but that statute expressly does not waive its Eleventh Amendment immunity from suit in the federal court. See Miss. Code Ann. § 11-46-5(4). Assuming the plaintiff brings this action against the moving defendants in their official capacities, the claims are barred under the Eleventh Amendment, and any such claim must be dismissed for lack of subject matter jurisdiction.

#### B. *Individual Capacity and Qualified Immunity*

The plaintiff's amended complaint includes multiple counts and different theories to support the plaintiff's complaint: 1) Failure to provide adequate supervision of close custody offenders; 2) Failure to provide proper housing for offenders to prevent escape and injury; 3)

Failure to protect; 4) Negligent, grossly negligent and wanton failure in hiring and monitoring, training and supervising the directly involved officers; and 5) That the conduct of the defendants is a violation of due process, equal protection and civil rights laws under 42 U.S.C. § 1983 and 28 U.S.C. § 1342.

Because the defendants assert qualified immunity as a defense to this action, the complaint must meet a "heightened standard of pleading." *Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003). Qualified immunity protects officials from liability, "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011).

In order to overcome the defense of qualified immunity, the plaintiff must present more than "bald allegations and conclusory statements," *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995), but must "the particular facts forming the basis of his claim, including those preventing [the defendants] from successfully maintaining a qualified immunity defense." *Id.* The complaint must provide "factual particulars of the alleged actions." *Floyd v. City of Kenner,* 351 Fed. Appx 890, 893 (5th Cir. 2009*)* (citing *Schultea v. Wood*, I47 F.3d 1427, 1433-34 (5th Cir. 1995)).

### 1. The Amended Complaint

The amended complaint can only be described as threadbare. The first three counts are numbered and titled as to the supporting theory, but the substantive allegations on the face of that pleading are limited to incorporating the prior factual allegations concerning the circumstances surrounding the attack. The "negligent hiring and supervision" count mentions the moving defendants by name, along with Pelecia Hall, the Commissioner of the Mississippi Department

4

of Corrections. That count, however, does not include any factual specifics, but rather conclusory allegations about negligence, gross negligence and wantonness in hiring and training. It adds the conclusory allegation that these defendants failed to follow and enforce unspecified state laws and regulations and "failed to properly supervise" the other individual defendants.

### 2. *Counts One, Two and Three*

The defendants only briefly address the first three counts--failure to provide appropriate housing; failure to supervise close custody prisoners and failure to protect— noting that the plaintiff cannot rely on collective allegations but must make allegations regarding each defendant's conduct and involvement in unconstitutional conduct. *Bivens v. Forrest County*, 2015 WL 1457529 (S.D. Miss. March 30, 2015). What the defendants have missed— understandably—is that the amended complaint incorporated the allegations in the original *pro se* complaint, and with that incorporation, also the testimony of the plaintiff at the *Spears* hearing. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). As discussed at some length in the court's memorandum opinion [Doc. 15] after that hearing, the complaint, as further detailed by the plaintiff's testimony was that the locks in Unit 29 had been manipulated by inmates to the point that many of the doors could not be locked. He alleges the lack of functional locks aided his attackers. He alleged that these two defendants knew about the malfunctioning locks for months prior to the assault but took no steps to remedy this situation.

Looking to counts one and two – the failure to provide appropriate housing and the failure to properly supervise the close custody prisoners -- these allegations appear to be part and parcel of the failure to protect claim, rather than an independent cause or theory. The plaintiff has not stated a claim for general prison conditions and does not seek to remedy prison conditions, but rather seeks compensation for damages arising from the attack on him. Likewise,

5

any failure of supervision of other inmates is related to the failure to protect, not a general prison conditions action. As such, the first two counts, should be treated as part of and subsumed within the failure to protect claim.

A failure to protect may result from deliberate indifference to an "excessive risk to inmate health and safety" *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). That risk may stem either from a known threat against a particular inmate or may arise from the failure to prevent a prison environment "where terror reigns" *Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981), overruled on other grounds by *International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.*, 790 F.2d 1174 (5th Cir. 1986). Officials can be liable if they permit violent offenders to hold sway over all or part of a facility – creating "a pervasive risk of harm" if they fail to "take reasonable steps to prevent the known risk." *Stokes v. Delcambre,* 710 F.2d 1120 (5th Cir. 1983). In the absence of briefing demonstrating error in the post-*Spears* memorandum opinion and order, the undersigned recommends that the claim for failure to protect should proceed.

### *3. Count Four- Failure to Train and Supervise*

In order to recover for failure to train or supervise an employee, it must be proven that the supervisor in fact failed to train or supervise the officers involved; that there is a causal connection between the failure to train/supervise and the alleged violation of rights; and that the failure to train and/or supervise rises to the level of deliberate indifference to the individual's constitutional rights. *Gates v. Texas Dept. of Protective & Regulatory Services*, 537 F.3d 404, 435 (5th Cir. 2008). Typically, there must be a showing of more than one instance of lack of training or supervision for the failure to rise to the level of deliberate indifference. *Id.* The complaint must include more than cursory or conclusory allegations and must include specific

factual allegations that make a claim for failure to train and/or supervise plausible on the face of the complaint. *Twombly*, 550 U.S. at 570. Here the complaint is devoid of any such factual allegations relating to training and supervision.

The undersigned recommends that the motion to dismiss be granted as to Count 4. Neither the amended or original complaint include specific factual allegation to support this claim.

### 4. Count Five

This last "count" merely invokes 42 U.S.C. § 1983 law and a jurisdictional statute, rather than stating an additional or alternate claim. *Wilson v. Garcia,* 471 U.S. 261 (1985) (42 U.S.C. § 1983 does not itself create or establish any federally protected rights but authorizes the assertion of a claim for relief to enforce federal rights created either by the constitution or federal statute). Though perhaps unusually pleaded as a count, there is no problem with the allegations.

### C. Conclusion

The undersigned recommends that to the extent the plaintiff may have intended to file an official capacity claim against either of these two defendants, that the action should be dismissed for lack of subject matter jurisdiction because of Eleventh Amendment sovereign immunity.

The undersigned recommends that Counts One and Two be consolidated with count Three and allowed to proceed to discovery.

Because the plaintiff's complaint is devoid of any specific factual allegations in support of the failure to train/supervise claims, the undersigned recommends that the defendants' motion to dismiss be granted as to Count Four.

Finally, the undersigned recommends that the motion to dismiss be granted as to Count Five.

The plaintiff is referred to 28 U.S.C. 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any plaintiff desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date.

Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

This the 10th day of May, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE