IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DEMARCO WILKINS                                                                                    PLAINTIFF

V.                                                               CIVIL ACTION NO.: 4:17-CV-137-SA-DAS

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
COMMISSIONER PELICIA HALL, EARNEST LEE,
JAMILE HENRY, TIMOTHY MORRIS and
BETTY CRAWFORD                                                                               DEFENDANTS

ORDER AND MEMORANDUM OPINION

Plaintiff Demarco Wilkins filed his *pro se* Prisoner Complaint [1] on September 28, 2017, asserting various claims against the Mississippi Department of Corrections, Commissioner Pelicia Hall, Earnest Lee, Timothy Morris, Jamile Henry, and Betty Crawford. Plaintiff later retained Counsel and filed an Amended Complaint [23] incorporating the facts and counts from his first Complaint [1]. Now before the Court are two Motions to Dismiss [27, 39] requesting dismissal of all the Plaintiff's claims. Also before the Court for consideration is a Report and Recommendation [41] entered by the Magistrate Judge assigned to this case. Briefing is complete and the issues are ripe for review.

*Factual and Procedural History*

Demarco Wilkins is an inmate in the custody of the Mississippi Department of Corrections. Wilkins alleges that while in custody he was approached by members of the Vice Lords gang and was asked to stab a member of their rival gang, the Gangster Disciples. According to Wilkins, he refused and as a result, was threatened by the Vice Lords. Wilkins further alleges that he contacted Officer Jamie Henry to seek help and protection and asked to see the Captain. Wilkins claims that Officer Henry responded that she would notify someone, but Wilkins never received any response to his request and complaint.

On the day of the attack, members of the Vice Lords began gathering in front of the zone proximate to Wilkins' cell which was within the view of a security tower that Officer Crawford was assigned to. According to Wilkins, Officer Crawford was not in the tower when a member of the Vice Lords who also worked as a tier-worker entered the tier and turned off the zone lights. Wilkins claims that 16 gang members began beating him with a broom stick, kicking, stomping, and burning his body. There were also cuts on his face and neck. The Plaintiff was left unconscious and bloody in his cell. The Plaintiff claims that he was injured due to a lack of protection by the prison staff after he requested help. He claims to have sustained permanent injuries due to the negligence of the Defendants.

Wilkins alleges the following five counts against the Defendants in his Amended Complaint: Inadequate supervision of close custody offenders; Failure to provide proper housing for offenders to prevent escape or injury from; Failure to protect; Negligent, grossly negligent, and wanton failure in hiring and monitor, train, and supervise officers involved; and Violation of federal due process, equal protection, civil rights law under 42 U.S.C. § 1983 and 28 U.S.C. § 1343, et. al.[1]

Now pending before the Court are two dispositive motions: A Motion to Dismiss [27] filed by Defendants Earnest Lee and Timothy Morris, and a Motion to Dismiss [39] filed by Defendants Pelicia Hall and the Mississippi Department of Corrections. The Magistrate Judge assigned to the case entered a Report and Recommendation [41] to which neither party responded.

*Standard of Review*

The basis of the defendants' Motions to Dismiss are Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. "When a Rule 12(b)(1) motion is filed in conjunction with a

---

[1] Wilkins later consented to jurisdiction of the Magistrate Judge. The defendants did not consent.[1] In an Order Regarding the Status of Case [32], Magistrate Judge David Sanders reassigned the case back to the District Judge for further proceedings.

Rule 12(b)(6) motion, . . . courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. Appx. 860 (5th Cir. 2012) (*per curiam*) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Morgan v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 860-61 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (*per curiam*)); *Hitt v. City of Pasadena, Tex.*, 561 F.2d 606, 608 (5th Cir. 1977) (*per curiam*). Accordingly, the Court first addresses the jurisdictional issues under Rule 12(b)(1).

*Subject Matter Jurisdiction*

"Federal courts have original subject matter jurisdiction only where a question of federal law is involved or where there is diversity of citizenship between parties and the amount in controversy exceeds $75,000, exclusive of interest and cost." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Wilkins alleges jurisdiction based on a federal question. In his Amended Complaint [23], Wilkins claims that the Defendants collectively violated his constitutional rights under the Equal Protection Clause, and the Due Process Clause pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. While the complaint lists several alleged constitutional violations, it does not offer facts outlining each Defendant's conduct in the allegedly violative actions when he was attacked. Further, Wilkins does not specifically allege which defendant's conduct contributed to which of his injuries. The Amended Complaint [23] "re-alleges and incorporates all prior paragraphs, averments, and statements" in addition to adopting claims established in the original Complaint [1]. This lack of specificity and connectivity is problematic.

*Failure to State a Claim*

The defendants alternatively argue that Wilkins failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 12(b)(6). It is the purpose

3

of a Rule 12(b)(6) motion to test the formal sufficiency of the statement for relief. *See Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976). "A legally sufficient complaint must establish more than a 'sheer possibility' that the plaintiff's claim is true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 937, 173 L. Ed. 2d 868 (2009). "It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In other words, a "[plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S. Ct. 1955.

Wilkins asserts several claims against the Defendants collectively. Counts one through five include claims of negligence in regard to the Defendants alleged failure to supervise, protect, train, monitor, provide proper housing, and violations of federal due process, equal protection, and civil rights under §§ 1983 and 1343. Some if not all of the Defendants are state employees. As a result, the Defendants claim in their Motions that they are entitled to qualified immunity. "Qualified Immunity shields officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) the right was clearly established at the time of the challenged conduct." *Ashcroft*, 563 U.S. at 7335, 129 S. Ct. 937 (2011). But, qualified immunity unlike the 11th Amendment is a defense for state officials acting in their individual capacities. *See* 42 U.S.C.A. § 1983. The Plaintiff does assert claims against state officials but fails to distinguish whether the claims are filed against them in their individual or official capacities. *See Michael v. Boutwell*, No. 3:14-CV-00116-DMB, 2015 WL 728516, at *6 (N.D. Miss. Feb. 19, 2015) (describing problems with complaints that fail to adequately link factual allegations to claims, and appropriate procedural solutions); *see also Clinton v. Johnson*, No. 3:13-CV-871-DCB, 2014 WL 575295, at *2–3 (S.D. Miss. Feb. 11, 2014) (same).

In short, Wilkins fails to adequately link his factual allegations to each of his claims. *See id*. This failure creates a situation where although Wilkins' Complaints [1, 23] conform to the liberal notice pleading requirements of Federal Rule of Civil Procedure 8, they fail to adequately link Wilkins' causes of actions to their attendant factual predicates, running afoul of Federal Rule of Civil Procedure 12(e). *See Burkhart v. Tecnocap, LLC*, 2012 WL 32923, *2 (N.D. W. Va. 2012) (citing Wright & Miller, 5B FED. PRAC. & PROC. CIV. § 1356) (pleading that satisfies more liberal pleading standards to survive Rule 12(b)(6) motion still may be properly challenged as vague under Rule 12(e)); *see also Michael*, 2015 WL 728516, at *6 (quoting *Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1275 (11th Cir. 2006) (District courts have a "supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates.")).

The Court finds that the Complaint does not contain enough information about Wilkins' federal claims to allow a responsive pleading to be framed, nor to allow the Court to rule on the present Motion. In such cases, the proper remedy is a motion for a more definite statement under Rule 12(e), or an order allowing the Plaintiff to amend. *Michael*, 2015 WL 728516, at *6; *Clinton*, 2014 WL 575295, at *2–3. *See Davis v. American Mortgage Network, Inc.*, No. 3:11-CV-1690-M, 2012 WL 13018977, *2 (N.D. Tex. Jan. 18, 2012); *See also Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 163 (5th Cir. 1999) (approving the district court's *sua sponte* allowance of an amendment under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity).

The Plaintiff shall have thirty days from the entry of this order to file an amended complaint to state more specifically (for each claim he alleges): (1) the nature of the claim, (2) the elements of the claim, and (3) a factual basis for each of the elements of the claim. The factual basis should specifically detail the alleged illegal conduct and assign said conduct to

each defendant named in the complaint. *See Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 163 (5th Cir. 1999) (approving the district court's *sua sponte* allowance of an amendment under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity).

*Report and Recommendation*

On May 10, 2019, the Magistrate Judge assigned to this case issued a Report and Recommendation [41]. It recommends that this Court consolidate counts one, two, and three and allow them to proceed to discovery; and dismiss counts four and five for failure to state a claim. Because the Court has chosen to deny the pending motions without prejudice and to order a more definite statement under Rule 12(e), the Court neither adopts nor denies the Report and Recommendation. The Court's decision to order a more definite statement under 12(e) moots the pending Report and Recommendation [41].

*Conclusion*

For the reasons stated above, the Defendants' Motions to Dismiss [27 & 39] are DENIED *without prejudice*. The Court finds that the Report and Recommendation [41] is MOOT. The Court orders the Plaintiff to file within thirty days of the entry of this order an amended complaint pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 12(e).

SO ORDERED, this the 13th day of August, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE