IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DEMARCO WILKINS                                                                                          PLAINTIFF

V.                                                                         CIVIL ACTION NO.: 4:17-CV-137-SA-DAS

MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al                                              DEFENDANTS

ORDER AND MEMORANDUM OPINION

Plaintiff Demarco Wilkins filed his Complaint [1] *pro se* on September 28, 2017, asserting various federal and state law claims against the Mississippi Department of Corrections, Mississippi State Penitentiary, Commissioner Pelicia Hall, Warden Timothy Morris, Superintendent Marshall Turner, and Officers Earnest Lee, Jamile Henry, and Betty Crawford. After retaining legal counsel, the Plaintiff filed an Amended Complaint [23] asserting additional claims against the Defendants. Presently before the Court is the Defendants' Motion to Dismiss [54]. The issues are briefed and ripe for review.

*Factual and Procedural History*

Demarco Wilkins, an inmate in the custody of the Mississippi Department of Corrections, alleges that he was approached by members of the Vice Lords gang and was asked to stab a member of their rival gang, the Gangster Disciples. After refusing to assault another prisoner, Wilkins claims that members of the Vice Lords threatened him. Wilkins looked to prison staff for protection: he claimed that he contacted Officer Jamile Henry asking to see the Captain to request protection. Wilkins alleges that Officer Henry responded that she would notify someone. Wilkins asserts that he never received any responses or protection from prison staff.

On the day of the attack, members of the Vice Lords began gathering in front of the zone proximate to Wilkins' cell which was within the view of a security tower that Officer Crawford

was assigned to. According to Wilkins, Officer Crawford was not in the tower when a member of the Vice Lords, who also worked as a tier-worker, entered the tier and turned off the zone lights. Wilkins claims that 16 gang members began beating him with a broom stick, kicking, stomping, and burning his body. There were also cuts on his face and neck. The Plaintiff was left unconscious and bloody in his cell. The Plaintiff claims that he was injured due to a lack of protection by the prison staff after he requested help. He claims to have sustained permanent injuries due to the negligence of the Defendants.

Wilkins alleges the following five counts against the Defendants in his Amended Complaint: Inadequate supervision of close custody offenders; Failure to provide proper housing for offenders to prevent escape or injury from; Failure to protect; Negligent, grossly negligent, and wanton failure in hiring and monitor, train, and supervise officers involved; and Violation of federal due process, equal protection, civil rights law under 42 U.S.C. § 1983 and 28 U.S.C. § 1343, *et. al*.

The Defendants filed a Motion to Dismiss [54] arguing that the Plaintiff's claims should be dismissed because the Defendants sued in their official capacity are entitled to immunity pursuant to the Eleventh Amendment and the claims against the Defendants in their individual capacity are barred by the applicable one-year statute of limitations. The Plaintiff did not file a response to the Defendants' Motion to Dismiss [54].

*Analysis and Discussion*

The Defendants move for dismissal based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. (12(b)(1) & (6). As the Fifth Circuit has previously instructed, "when a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, . . . courts must consider

the jurisdictional challenge first." *See McCasland v. City of Castroville, Tex.*, 478 F. Appx. 860 (5th Cir. 2012) (*per curiam*) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *see also Morgan v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*. at 860-61 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (*per curiam*)); *Hitt v. City of Pasadena, Tex.*, 561 F.2d 606, 608 (5th Cir. 1977) (*per curiam*). Accordingly, the Court looks first to the jurisdictional grounds of Wilkins' claims.

I. *Subject Matter Jurisdiction*

The Defendants claim that this Court lacks subject matter jurisdiction because they are entitled to sovereign immunity under the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides, "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Absent waiver by the state of sovereign immunity or a valid congressional override, the Eleventh Amendment bars the institution of a damages action in federal court against a state or state instrumentality. *See Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (citations omitted). "Eleventh Amendment immunity is a jurisdictional issue that cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action." *McDonald v. Board of Miss. Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir. 1987) (quoting *Crane v. Texas*, 759 F.2d 412, 415 (5th Cir. 1985), cert. denied, 474 U.S. 1020, 106 S.Ct. 570, 88 L. Ed. 2d 555 (1985)). The Fifth Circuit explained in *Clay v. Texas Women's University* that

> the Eleventh Amendment clearly interposes a jurisdictional bar to
> suits against a state by private parties who seek monetary relief from

>  the state in the form of compensatory damages, punitive damages, or monetary awards in the nature of equitable restitution, and also to suits against a state agency or state official when the monied award is to be paid from the state treasury.

728 F.2d 714, 715 (5th Cir.1984).

This immunity "protects not only states from suit in federal court, but also 'arms of the state.'" *U.S. Oil Recovery Site Potential Responsible Parties Group v. R.R. Comm'n of Tex.*, 898 F.3d 497, 501 (5th Cir. 2018) (quoting *Richards v. S. Univ.*, 118 F.3d 450, 452-54 (5th Cir. 1997)). Thus, "[t]he state need not be the named party in a federal lawsuit, for a state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Furthermore, the immunity "extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself." *Yul Chu v. Mississippi State University*, 901. F. Supp. 2d 761, 771 (quoting *New Orleans Towing Ass'n, Inc. v. Foster*, 248 F.3d 1143 (5th Cir. 2012)) (additional citations omitted).

> i. Arm(s) of the State

Whether the Defendants are entitled to the protections of sovereign immunity depends on whether they are considered an "arm of the state." Courts consider six factors in order to determine whether an entity is an arm of the state and hence entitled to Eleventh Amendment sovereign immunity: (1) whether the state statutes and case law characterize the agency as an arm of the state; (2) the source of funding for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local rather than state-wide problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. *See Raj v. LSU*, 714 F.3d 322, 328–29 (5th Cir. 2013) (citing *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991)). "A defendant need not

satisfy all of the factors to benefit from the Eleventh Amendment, and some factors weigh more heavily than others." *Hudson v. City of New Orleans*, 174 F.3d 677, 681-82 (5th Cir. 1999). "No one factor is dispositive, though we have deemed the source of an entity's funding a particularly important factor because a principal goal of the Eleventh Amendment is to protect state treasuries." *Perez*, 307 F.3d at 327 (citing *Hudson*, 174 F.3d at 682). To that end, "[a]n entity need not show that all of the factors are satisfied; the factors simply provide guidelines for courts to balance the equities and determine if the suit is really one against the state itself." *Id*.

The Defendants submit that an application of the six factors proves that MDOC is an arm of the state and is therefore entitled to sovereign immunity. To establish these factors, the Defendants argue that state statute views the MDOC as an arm of the state. Mississippi Code Section 47-5-1 provides that "[i]t shall be the policy of this state that the correctional system shall be operated and managed in the most efficient and economical manner possible. The Mississippi Department of Corrections shall so manage and operate the correctional system in that manner[.]" Miss. Code Ann. § 47-5-1. This court in *Jones v. Tyson Foods, Inc*., and other courts alike, found that "MDOC is responsible for managing and operating the correctional system for the State, and thus is an arm of the State." 971 F. Supp. 2d 671, 678 (N.D. Miss. Oct. 28, 2013) (citing Miss. Code Ann. § 47-5-1); *See also Hines v. MDOC*, 239 F.3d 366, 2000 WL 1741624, *3 (5th Cir. Nov. 14, 2000) (*per curiam*) (finding that the Mississippi Department of Corrections is a department of the State of Mississippi and enjoys the same immunity as the state itself); *Martin v. Streeter*, No. 3:11cv20–SA, 2012 WL 5269615, *2 (N.D. Miss. Oct. 24, 2012) (holding that the Mississippi Department of Corrections is an arm of the State of Mississippi); *Ladner v. Leamon*, No. 2:12cv131–KS, 2012 WL 4507904, *1 (S.D. Miss. Sept. 28, 2012) (stating that MDOC is considered an arm of the State of Mississippi).

In addition, the Defendants assert the following: that the MDOC is funded by the state of Mississippi[1]; that MDOC is concerned primarily with statewide problems as it is responsible for the confinement of prisoners throughout the State of Mississippi; that MDOC has the right to sue and be sued in its own name; and that MDOC is authorized to hold and use property pursuant to Mississippi Code Section 47-5-5.

As noted above, Wilkins failed to respond to the Defendants' Motion [54] and therefore has not rebutted any of the Defendants' arguments on this point. Considering the Plaintiff's concession, the evidence provided, and the overwhelming case law, this Court finds that the MDOC is an "arm of the state". Similarly, Commissioner Hall, Marshall Turner, Jamile Henry, Timothy Morris, Betty Crawford, and Earnest Lee are also "arms of the state" for the purposes of sovereign immunity.[2] *Jones*, 971 F. Supp. 2d at 677 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

The Defendants also argue that the Mississippi State Penitentiary is not a proper defendant because it is not a "person" for the purposes of Section 1983. This has been reaffirmed by many courts. *See, e.g., Parks v. MDOC*, 2014 WL 232008, at *3 (S.D. Miss. Jan. 22, 2014) ("[A]s MDOC points out, it is not a 'person' for purposes of liability under § 1983."); *See also Walker v. Hodge*, 1993 WL 360996, at *2, n. 2 (noting that a county jail was "not a legal entity"); *Miley v. Jones Co. Jail*, 2007 WL 2159334, at *8 (S.D. Miss. July 25, 2008) (finding that "a jail is not a legal entity capable of being sued and is not a proper defendant in a Section 1983 lawsuit, as it is not a 'person' within the meaning of that statute."); *Merill v. St. Benard Parish Prison*, 2014 WL 991688, at *9 (E.D. La. Mar. 10, 2014) (same).

---

[1] *See* https://www.mdoc.ms.gov/Pages/default.aspx
[2] Sovereign Immunity only affects claims against these defendants in their official capacity.

6

*ii.     Exceptions to Sovereign Immunity*

A finding that the MDOC, MSP, and Defendants sued in their official capacities are considered "arms of the state" for Eleventh Amendment purposes is not an end all be all. Rather, "arms of the state are entitled to Eleventh Amendment immunity unless Congress has validly abrogated the State's sovereign immunity, the State has waived sovereign immunity or consented to suit, or the *Ex parte Young* doctrine renders the State amenable to suit[.]" *Jones*, 971 F. Supp. 2d at 679. In the absence of one of these exceptions, Eleventh Amendment immunity bars Wilkins' claims against MDOC and the official capacity defendants. *Id*.

The Court again notes as a threshold matter that Wilkins did not file a response and thus does not assert that any of these exceptions apply. However, because federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists," the Court will analyze whether either of the above referenced exceptions apply to this case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." *Id* at 506-07, 126 S. Ct. 1235.

First, "abrogation applies only if Congress has unequivocally expressed its intent to abrogate a state's sovereign immunity and is acting pursuant to a valid exercise of power." *Yul Chu*, 901 F. Supp. 2d at 773 (citing *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 55, 116 S. Ct. 1114, 134 L. Ed. 2d 2525 (1996)). The Supreme Court found in *Seminole Tribe of Florida v. Florida* that "Section 1983 does not explicitly indicate Congress's intent to abrogate a state's Eleventh Amendment immunity from suit." 517 U.S. 44, 55, 116 S. Ct. 1114, 134 L. Ed. 2d 2525 (1996). Therefore, because Section 1983 does not abrogate sovereign immunity, and absent any

7

precedent indicating otherwise, the Court finds that Congress has not validly abrogated the State's sovereign immunity.

Second, the State of Mississippi has intentionally preserved the State's immunity from suits brought in federal court. According to Section 11-46-5(4) of the Mississippi Code, "nothing in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." Miss. Code Ann. § 11-46-5(4). Therefore, the waiver exception is inapplicable.

Finally, "the *Ex parte Young* exception does not require an analysis of the merits of the claim . . .", instead " a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *City of Austin v. Paxton*, 943 F.3d 993, 998 (quoting *Va. Office for Prot. and Advocacy v. Stewart*, 563 U.S. 247, 255, 131 S. Ct. 1632, 179 L. Ed. 2d 675 (2011)). "The *Young* exception is a legal fiction that allows private parties to bring 'suits for injunctive or declaratory relief against individual state officials acting in violation of federal law.'" *Id.* (quoting *Raj.*, 714 F.3d at 328). The Plaintiff here does not allege an ongoing violation of federal law by the Defendants. There is no evidence that this isolated event continued to happen despite continued requests for help. There is also no evidence in the record that other prisoners are continuing to experience the alleged neglect that Wilkins claims he was subjected to. The Court simply does not know whether there is an ongoing violation because the Plaintiff did not claim such violations. Therefore, the *Ex parte Young* exception does not apply here.

Because the MDOC and the other official capacity Defendants are considered "arms of the state" and no exception to Eleventh Amendment Immunity is applicable, Wilkins' allegations against the MDOC and the Defendants sued in their official capacities are dismissed. In addition,

as discussed above, the claims against Mississippi State Penitentiary are also dismissed because MSP is not a "person" for the purposes of Section 1983.

### II. Qualified Immunity

Wilkins also sued Officers Earnest Lee, Jamile Henry, and Betty Crawford in his individual capacity for allegedly violating Wilkin's constitutional rights. The Defendants argue that Wilkins' claim must be dismissed because he has not pled sufficient facts to overcome qualified immunity.

"Qualified immunity is a judicially created affirmative defense which protects state or local officials sued in their individual capacity under 42 U.S.C.A. § 1983." 59 Am. Jur. Proof of Facts 3d 291 (2019).

> [It] balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government officials' error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.

*Groh v. Ramirez*, 540 U.S. 551, 567, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004) (KENNEDY, J., dissenting) (quoting *Butz v. Economou*, 438 U.S. 478, 507, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978) for the proposition that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law"). Qualified immunity is "an immunity from suit rather than a mere defense to liability. . . ." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985).

Once qualified immunity is asserted as an affirmative defense, "the plaintiff has the burden to negate the assertion of qualified immunity." *Collier v. Montgomery*, 569 F.3d 359, 370 (5th Cir. 2009). In order to resolve a qualified immunity dispute, courts employ two factors: First, whether the plaintiff "has adduced sufficient evidence to raise a genuine issue of material fact suggesting

[the defendants'] conduct violated an actual constitutional right." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Second, the Court must "consider whether [the defendants'] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id*. The Court has discretion to address either step first. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009)

Even after retaining Counsel, the Plaintiff has failed to respond to the Defendants' qualified immunity defense and has failed to inform the Court of his intent to respond or request an extension of time to respond. Without any argument from the Plaintiff regarding whether qualified immunity applies or any specific assertions of a factual basis which establishes a constitutional violation, the Plaintiff cannot meet the heavy burden of overcoming qualified immunity. He has effectively conceded to the Defendants' claim that qualified immunity applies. The Fifth Circuit has found that the failure to adequately brief an argument results in a waiver of that argument. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010). Consequently, the Plaintiff's claims against Earnest Lee, Jamile Henry, and Betty Crawford in their individual capacities are dismissed.

   III.   *Plaintiff's State Law Claims*

In addition to the various claims made pursuant to Section 1983, Wilkins also claims that the Defendants violated State law by allegedly failing to provide him protection from the prison gang. Specifically, Wilkins claims that the Defendants failed to provide adequate supervision of close custody offenders, failed provide proper housing for offenders to prevent escape or injury, and failed to provide adequate protection. The Defendants argue, however, that the Plaintiff's state law claims are barred because they are barred by the applicable statute of limitations and the inmate exception under the Mississippi Tort Claims Act ("MTCA").

10

"Actions under the MTCA must be commenced within one year of "the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based." *Kelley, LLC v. Corinth Public Utilities Com'n*, 200 So.3d 1107, 1116 (Miss. Ct. App. 2016); *Citing* Miss. Code Ann. § 11-46-11(3)(a). "Thus, 'the MTCA's one-year statute of limitations begins to run when the claimant knows, or by exercise of reasonable diligence should know, of both the damage or injury, and the act or omission which proximately caused it.'" *See id*; (*citing Caves v. Yarbrough*, 991 So.2d 142, 155 (Miss. 2008).

In his Complaint [1], Wilkins claimed that the incident in question occurred on September 2, 2016. His Complaint [1], however, was filed on September 28, 2017, 26 days outside the applicable statute of limitations. Therefore, Wilkins claims are barred for failure to file within the one-year statute of limitations.[3]

*Conclusion*

The Defendant's Motion to Dismiss [54] is GRANTED. The Plaintiff's claims against the MDOC, MSP, and all other defendants sued in their official capacity are dismissed *without prejudice*. All claims against the Officers in their individual capacity are dismissed *with prejudice*. Defendant Betty Crawford's Motion to Dismiss [59] is DENIED as moot. This case is CLOSED.

SO ORDERED this, the 26th day of June, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[3] In light of the applicable statute of limitations, there is no need to address whether the inmate exception applies.

11